**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Richard Crosby

   v.                                    Case No. 22-cv-469-SM

Social Security Administration


**Report and Recommendation**

Richard Crosby, who is proceeding pro se and in forma pauperis, filed a complaint (document no. 1) that purports to remove a case from state court to this court and seeks disability insurance benefits from the Social Security Administration. He has also filed two addenda (documents nos. 4 & 5), which are considered with the complaint. The complaint and addenda were referred for preliminary review to determine whether the plaintiff states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); LR 4.3(d)(1).

I.  Removal

In the complaint (document no. 1), Crosby states that the case is brought pursuant to 28 U.S.C. § 1442(a)(1), which pertains to removal of certain actions from state court to federal court. Crosby further states that "[t]he state court action is a complaint in connection with acts done by the Social Security Administration (SSA), an agency of the Department of Health and Human Services, a department of the United States of

America." Doc. 1, at 1. Crosby did not file copies of any proceedings from a state court action.

Section 1442(a)(1) provides that when a civil action or criminal prosecution is initiated in a state court and is brought against or is directed to the United States or an agency or officer of the United States that defendant can remove the case to federal court. As such, the statute does not permit removal by a party other than those listed and does not provide grounds for initiating an action in this court. Crosby is not an officer of a United States agency and, therefore, cannot remove a state court action to this court. Also, removal is not a procedure available to a plaintiff who chose the forum in the first instance.

Therefore, Crosby cannot proceed through removal of a state court action to this court.

II. Social Security Benefits

Crosby states in the complaint that he is seeking an award of disability insurance benefits from the Social Security Administration ("SSA") based on his work history that he contends was fraudulently altered by the SSA. In the addenda, Crosby filed copies of rulings from and communications with the Social Security Administration from 2015. He is currently

communicating with the local office of the SSA about his theory of falsification of his records.

Previously, Crosby filed suit against the SSA in Hillsborough County Superior Court, seeking review of the decision denying his benefits and alleging fraud by the SSA. The SSA removed that action to this court where it was dismissed for lack of jurisdiction and failure to state a claim on which relief may be granted. Crosby v. Social Security Administration, 22-cv-234-SE, Op. No. 2022 DNH 099, (D.N.H. Aug. 18, 2022). Judgment entered on August 19, 2022.

Dissatisfied with that result, less than three months later, Crosby filed this case in which he alleges the same claims against the SSA. For the reasons stated by Judge Elliott in Crosby's first case, this court lacks jurisdiction and Crosby fails to state a claim on which relief may be granted. Crosby's ongoing interactions with the local office of the SSA do not provide grounds to support jurisdiction or the substance of his claims. Therefore, the complaint should be dismissed.

## Conclusion

For the foregoing reasons, the district court should dismiss the complaint (doc. no. 1) along with the addenda (docs. nos. 4 & 5).

Any objections to this Report and Recommendation must be filed within **fourteen days** of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id.  Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                    _____
Andrea K. Johnstone
United States Magistrate Judge

November 21, 2022

cc: Richard Crosby, pro se